Citation Nr: 1641925 
Decision Date: 10/31/16 Archive Date: 11/08/16

DOCKET NO. 11-10 690 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Nashville, Tennessee


THE ISSUE

Entitlement to service connection for bladder cancer.


REPRESENTATION

Veteran represented by: Tennessee Department of Veterans Affairs


WITNESS AT HEARING ON APPEAL

Veteran


ATTORNEY FOR THE BOARD

J. Ivey-Crickenberger, Associate Counsel 


INTRODUCTION

The Veteran served on active duty in the United States Army from November 1965 to September 1967, including service in the Republic of Vietnam and receipt of the Combat Infantryman Badge. 

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a November 2009 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) in Nashville, Tennessee.

The Board remanded the Veteran's appeal in January 2015 to afford him a videoconference hearing, while was held before the undersigned Veterans Law Judge in April 2015. 

In June 2015, the Board requested a medical opinion from the Veterans Health Administration (VHA). See 38 C.F.R. § 20.901.


FINDING OF FACT

The Veteran's bladder cancer is related to environmental exposures during service.


CONCLUSION OF LAW

The criteria for entitlement to service connection for bladder cancer are met. 38 U.S.C.A. §§ 1110, 1154(a), 5107(b) (West 2014); 38 C.F.R. §§ 3.102, 3.303 (2015).



REASONS AND BASES FOR FINDING AND CONCLUSION

Here, the Veteran asserts that his currently diagnosed bladder cancer is related to exposure to herbicides while serving in the Republic of Vietnam. Alternatively, he asserts that the bladder cancer is due to exposure to diesel fuel while in the Army. 

Service connection will be granted for a disability resulting from disease or injury incurred in or aggravated by active service. 38 U.S.C.A. § 1110; 38 C.F.R. § 3.303.

Establishing service connection generally requires medical or, in certain circumstances, lay evidence of (1) a current disability; (2) an in-service incurrence or aggravation of a disease or injury; and (3) a nexus between the claimed in-service disease or injury and the present disability. See Davidson v. Shinseki, 581 F.3d 1313 (Fed. Cir. 2009); Hickson v. West, 12 Vet. App. 247, 253 (1999).

Here, the Veteran has been diagnosed with bladder cancer. See, e.g., February 2008 Mountain Home VA Medical Center Discharge Summary. His exposure to herbicides is presumed. 38 U.S.C.A. § 1116; 38 C.F.R. § 3.307(a)(6). Additionally, the Veteran's exposure to diesel fuel is conceded as consistent with the circumstances of his service as a wheeled vehicle mechanic. 38 U.S.C.A. § 1154(a). As such, the first two elements of service connection, current diagnosis and in-service exposure/injury, are met. The remaining element is nexus. 

Regarding the availability of presumptive service connection, if a Veteran was exposed to an herbicide agent during active military, naval, or air service, certain diseases shall be service-connected if the requirements of 38 C.F.R. § 3.307(a)(6) are met, even though there is no record of such disease during service, provided further that the rebuttable presumption provisions of 38 C.F.R. § 3.307(d) are also satisfied. 38 C.F.R. § 3.309(e). The list of diseases subject to the regulatory presumption of service connection due to exposure to herbicides while serving in the Republic of Vietnam does not currently include bladder cancer. Id.

However, the availability of presumptive service connection for a disability based on exposure to herbicides does not preclude a Veteran from establishing service connection with proof of direct causation. Stefl v. Nicholson, 21 Vet. App. 120 (2007); see also Combee v. Brown, 34 F.3d 1039 (Fed. Cir. 1994).

There are two competent opinions of record in this regard. Against the claim is the opinion of the October 2013 VA examiner, who noted that the first suggestion of a bladder disorder occurred in 1999, 30 years after discharge from service. The examiner also noted that the Veteran smoked cigarettes heavily and continued to smoke. He further stated that cigarette smoking is a known risk factor for bladder cancer, and he cited a website suggesting that cigarette smoking was the most important factor contributing to the overall incident of bladder cancer in Western countries. The examiner also noted that the Institute of Medicine's (IOM's) 2010 report reflects inadequate or insufficient information to determine if a link exists between bladder cancer and herbicide. The examiner did not address the Veteran's exposure to diesel fuel in service.

In favor of the claim is the opinion of the VHA examiner. The provider reviewed the Veteran's entire claims file and cited pertinent medical treatise literature in support of his conclusion that exposure to Agent Orange during service was "likely a contributing factor" to the development of bladder cancer. In support of his opinion, the VHA expert noted that the etiology of bladder cancer is multifactorial, with exogenous environmental factors, as well as endogenous molecular factors possibly playing roles. The examiner acknowledged that there has long been an observed link between bladder cancer and environmental carcinogens, though not specifically Agent Orange, and indicated that scientific research had shown a positive association with increased risk of bladder cancer due to exposure to diesel emissions. Additionally, the examiner noted that the IOM had very recently changed its position from "inadequate or insufficient" to "limited or suggestive" evidence of an association between bladder cancer and Agent Orange and other herbicides used during the Vietnam War. Although the provider would not provide a statement that these environmental exposures "50% or more likely" caused the Veteran's bladder cancer, indicating that assigning a specific percentage would be obtuse, the report clearly states that these exposures contributed to its development. 

The Board finds that the October 2013 VA examiner's reliance on outdated information from the IOM, as well as his failure to address diesel fume exposure, renders the negative opinion in this case inadequate. Therefore, the only competent, credible and probative opinion of record suggests a link between the Veteran's bladder cancer and service. Affording the Veteran the benefit of the doubt, service connection for bladder cancer is warranted. 


ORDER

Service connection for bladder cancer is granted.



____________________________________________
S. BUSH
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs